UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SHAWNA L. HOYT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:21-cv-00030 JAR |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Plaintiff Shawna Hoyt's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*

**I.    Background**

Plaintiff applied for benefits under Titles II and XVI of the Social Security Act on December 15, 2017, alleging disability as of December 1, 2014, due to PTSD, depression, anxiety, osteoarthritis of the right foot, ankle, and heel and osteoarthritis of the bilateral hands, and left shoulder adhesive capsulitis/insertional tendonitis. (Tr. 407). The ALJ also considered Plaintiff's aortic arch aneurysm, chronic obstructive pulmonary disease (COPD), obesity, vision loss, hiatal hernia, hypertension, hyperlipidemia, insomnia, gastroesophageal reflux disease (GERD),

---

[1]   Kilolo Kijakazi is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she is substituted as the Defendant in this suit.

1

Barrett's esophagus, tubular adenoma, hemorrhoids, and recurrent dermatitis. (Tr. 19). Plaintiff later amended the alleged onset date to November 15, 2017. (Tr. 16). After her application was denied at the initial administrative level, Plaintiff requested a hearing before an administrative law judge ("ALJ"). Plaintiff's date of last insured was December 31, 2014 and as such she would not be entitled to a period of disability or disability insurance benefits under Title II of the Social Security Act. Plaintiff voluntarily withdrew her request for a hearing as it pertained to the application for her Title II claims. Id. A hearing was held on February 20, 2020, at which Plaintiff, represented by counsel, and a vocational expert (VE) testified. The ALJ issued a written decision on March 9, 2020 denying Plaintiff's application. Plaintiff's request for review by the Appeals Council was denied on December 18, 2020. (Tr. 2). Thus, the decision of the ALJ stands as the final decision of the Commissioner. See Sims v. Apfel, 530 U.S. 103, 107 (2000).

## II.    Facts

Plaintiff did not submit a statement of material facts, as this Court typically requires of plaintiffs in appeals of Social Security decisions.[2] However, Defendant provided its own Statement of Uncontroverted Material Facts. (Doc. No. 18-2). The statement provides a fair, but only partial, description of the relevant record before the Court. This is Plaintiff's fourth application for benefits under the Social Security Act. Plaintiff filed initial applications previously in 2011, 2013, and 2016. (Tr. 268). The 2011 and 2016 claims were considered by ALJs, and all claims were denied. (Tr. 112, 268). Additional specific facts will be discussed as necessary to address the parties' arguments.

---

[2] In most cases, the Court orders plaintiffs to attach a statement of uncontroverted material facts to their briefs in the Case Management Order. However, due to a clerical error, the Case Management Order was not filed and instead the Court's order granting leave to proceed in forma pauperis was filed twice. (Doc. Nos. 3, 4). As such, Plaintiff was not specifically required to include the statement.

### III. Standards

The Court's role on judicial review is to determine whether the ALJ's findings are supported by substantial evidence in the record as a whole. Adkins v. Comm'r, Soc. Sec. Admin., 911 F.3d 547, 550 (8th Cir. 2018); see also Johnson v. Astrue, 628 F.3d 991, 992 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough that a reasonable mind would accept it as adequate to support the Commissioner's conclusion. Sloan v. Saul, 933 F.3d 946, 949 (8th Cir. 2019) (citing Chismarich v. Berryhill, 888 F.3d 978, 979 (8th Cir. 2018) (per curiam)). The Court may not reverse merely because substantial evidence exists in the record that would support a contrary outcome or because the court would have decided the case differently. Chaney v. Colvin, 812 F.3d 672, 676 (8th Cir. 2016). A reviewing court must consider evidence that both supports and detracts from the ALJ's decision. Id. If it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the decision of the Commissioner. Id. In other words, a court should "disturb the ALJ's decision only if it falls outside the available zone of choice." Papesh v. Colvin, 786 F.3d 1126, 1131 (8th Cir. 2015). A decision does not fall outside that zone simply because the reviewing court might have reached a different conclusion had it been the finder of fact in the first instance. Id. The Court defers heavily to the findings and conclusions of the Social Security Administration. Wright v. Colvin, 789 F.3d 847, 852 (8th Cir. 2015) (quoting Hurd v. Astrue, 621 F.3d 734, 738 (8th Cir. 2010)).

To determine whether the ALJ's final decision is supported by substantial evidence, the Court is required to review the administrative record as a whole and to consider:

(1) The findings of credibility made by the ALJ;
(2) The education, background, work history, and age of the claimant;
(3) The medical evidence given by the claimant's treating physicians;

3

>  (4) The subjective complaints of pain and description of the claimant's physical activity and impairment;
>  (5) The corroboration by third parties of the claimant's physical impairment;
>  (6) The testimony of vocational experts based upon prior hypothetical questions which fairly set forth the claimant's physical impairment; and
>  (7) The testimony of consulting physicians.

Brand v. Sec'y of Dept. of Health, Educ. & Welfare, 623 F.2d 523, 527 (8th Cir. 1980); see also Stamper v. Colvin, 174 F. Supp. 3d 1058, 1063 (E.D. Mo. 2016).

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920(a), 404.1520(a). "If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled." Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)). First, the claimant must not be engaged in "substantial gainful activity" ("SGA"). 20 C.F.R. §§ 416.920(a), 404.1520(a). Second, the claimant must have a "severe impairment," defined as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 416.920(c), 404.1520(c). "The sequential evaluation process may be terminated at step two

4

only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001)).

If the claimant has a severe impairment, the ALJ must determine at step three whether any of the claimant's impairments meets or equals an impairment listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. Id.

If the claimant's impairment does not meet or equal a Listing, the ALJ must determine the claimant's residual functional capacity ("RFC"). See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00; 20 C.F.R. § 404.1520a(c)(3). RFC is an assessment of the claimant's ability to perform sustained work-related physical and mental activities in light of his impairments. SSR 96–8p. The relevant mental work activities include understanding, remembering, and carrying out instructions; responding appropriately to supervision and co-workers; and handling work pressures in a work setting. 20 C.F.R. § 404.1545(c).

At step four, the ALJ must determine whether, given his RFC, the claimant can return to his past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f); Perks v. Astrue, 687 F.3d 1086, 1091-92 (8th Cir. 2012). If the claimant can still perform past relevant work, he will not be found to be disabled; if not, the ALJ proceeds to step five to determine whether the claimant is able to perform any other work in the national economy in light of his age, education and work experience. 20 C.F.R. §§ 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, then he will be found to be disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 404.1520(a)(4)(v).

Through step four, the burden remains with the claimant to prove he is disabled. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010). At step five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. Brock v. Astrue, 674 F.3d 1062, 1064 (8th Cir. 2012). "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Harris v. Barnhart, 356 F.3d 926, 931 n. 2 (8th Cir. 2004); see also Stamper, 174 F. Supp. 3d at 1063.

### IV.     Decision of the ALJ

The ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date of November 15, 2017. (Tr. 19). The ALJ further found that Plaintiff had the severe impairments of osteoarthritis of the right foot, ankle, and heel, osteoarthritis of the bilateral hand, left shoulder adhesive capsulitis/insertional tendonitis, aortic arch aneurysm, COPD, obesity, depression, anxiety, and PTSD, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 19-20).

After considering the entire record, the ALJ determined Plaintiff has the RFC to perform light work in that:

> she can lift and carry up to twenty pounds occasionally and lift or carry up to ten pounds frequently; stand and/or walk for six hours out of an eight-hour workday; and sit for six hours out of an eight-hour workday. The claimant should never climb ladders, ropes and scaffolds; and can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. The claimant can occasionally reach overhead and in all other directions with the left upper extremity. The claimant can frequently handle, finger, and feel bilaterally. The claimant can occasionally use foot controls with the right lower extremity. The claimant can occasionally work at unprotected heights, with moving mechanical parts, and in vibration. The claimant can never tolerate exposure to humidity/wetness, dust, odors, fumes and pulmonary irritants beyond a level found in an indoor work environment such as an office or retail store; and never extreme cold and extreme hear. The claimant is able to carry out detailed but uninvolved instructions in the performance of simple, routine and repetitive tasks in a low stress work-environment with no fast-paced production

6

>requirements involving simple work-related decisions, and with only occasional judgment and workplace changes. The claimant can occasionally respond to and have interaction with supervisors, coworkers, and the general public.

(Tr. 22).

Based on the testimony of the VE, the ALJ concluded that Plaintiff is unable to perform any past relevant work, (Tr. 31), but after considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that she can perform, such as Shipping Weigher (DOT 222.387-074) unskilled, SVP of 2, light exertion, with 31,000 jobs in the national economy; Bakery Conveyor Worker (DOT 524.687-022) unskilled, SVP of 2, light exertion, with 23,000 jobs in the national economy; and Garment Sorter (DOT 222.687-014) unskilled, SVP of 2, light exertion, with 27,000 jobs in the national economy. (Tr. 33). Thus, the ALJ found Plaintiff was not disabled as defined by the Act. Id.

## V.  Discussion

Plaintiff claims the ALJ failed to consider all relevant medical evidence or opinions, and as such the RFC is not supported by substantial evidence. (Doc. No. 17 at 1). In particular, Plaintiff claims the ALJ failed to consider the opinion of Chastity McCullick, a nurse practitioner, and did not properly evaluate the opinion of consultative examiner Megan Reno, PA-C, or state agency consultant Daniel Gwartney, M.D. The Commissioner responds that the ALJ was entitled to not consider Ms. McCullick's opinions because they were from a prior adjudicated period and as such barred by *res judicata* and the ALJ did adequately consider Dr. Gwartney and Ms. Reno's opinions. In her reply brief, Plaintiff also argues the ALJ failed to adequately assess her RFC because of her use of a cane.

### A.  Ms. McCullick's Opinions

7

The ALJ determined that "[t]he medical opinions at Exhibits C1F, C3F, C6F, and C7F are all from a prior adjudicated period that is administratively final and thus, are not persuasive." (Tr. 27). Exhibits C3F and C6F are Ms. McCullick's opinions, issued on June 24, 2014, and August 22, 2014. (Tr. 496, 507).[3] In the first opinion, Ms. McCullick opined that Plaintiff could stand or walk continuously less than 15 minutes and could stand or walk only 2 hours in an 8 hour workday. (Tr. 496). She further opined Plaintiff could sit continuously only 30 minutes, and less than 1 hour in an 8 hour workday. Id. In her second opinion, Ms. McCullick found Plaintiff could sit for 20 minutes at a time and 4 hours total, and stand for 45 minutes at a time and 2 hours total in a workday. (Tr. 508). An ALJ considered these opinions during a prior adjudication. That ALJ ultimately determined Plaintiff was not disabled in an opinion dated November 6, 2015. (Tr. 279). The November 2015 opinion assigned little weight to Ms. McCullick's opinions, finding they:

> were not supported by her examination or treatment records, or by those of other treatment and/or examining physicians and those medical records around and through her opinion dates fail to show such a change in condition as to render a comparison of opinions internally inconsistent.

(Tr. 264-65).

The November 2015 opinion ultimately concluded Plaintiff was limited to sedentary work.[4] (Tr. 255). Plaintiff contends it was error to not consider the contents of Ms. McCullick's opinions. Plaintiff claims she is not asking the Commissioner to reevaluate Ms. McCullick's opinion. She notes the November 2015 opinion concluded she had a capacity for only sedentary work. Plaintiff

---

[3] Exhibits C1F, C6F, and C7F are the opinions of Holly Chatain, Psy.D., on Plaintiff's mental impairments. Plaintiff did not allege that ALJ erred in failing to consider these opinions.

[4] The November 2015 opinion did not rely heavily on Ms. McCullick's opinion in determining Plaintiff was limited to sedentary work. Instead, the ALJ gave considerable weight to the opinion of Dr. Cameron Smith, DO, an independent consultative examiner. Dr. Smith's opinion was not part of the record in the present matter.

explains that a similar RFC, limiting her to sedentary work, would compel a finding that she is disabled.[5]

The Commissioner claims Ms. McCullick's opinions could not be considered in the most recent adjudicated claim because they were considered in a prior adjudicated claim. (Doc. No. 18 at 7). The Commissioner further argues that, even if the ALJ erred in failing to consider the opinions, Plaintiff has failed to show prejudice in light of more recent findings of normal gait, ambulation, and musculoskeletal examinations by her primary care providers, (Tr. 722-23, 726, 745, 751, 799-800, 803, 804, 809, 813), and the valid reasons given in the November 2015 opinion to assign little weight to Ms. McCullick's opinions.

*Res judicata* only precludes subsequent applications for SSDI and SSI if the claimant "has not presented any new evidence that ... [her] condition changed or deteriorated since the prior proceeding. New evidence includes both facts and issues that differ from the facts and issues of concern at the prior proceeding as well as evidence that was not part of the record in the prior proceeding." Hillier v. Soc. Sec. Admin., 486 F.3d 359, 365 (8th Cir. 2007) (internal citations omitted). Plaintiff argues new facts and issues were presented in this adjudication, and as such *res judicata* does not bar consideration of Ms. McCullick's opinion.

Although Plaintiff did introduce new facts in her most recent application for benefits, the ALJ was not required to reevaluate Ms. McCullick's opinion. "The findings and decision of the

---

[5] The Social Security Medical-Vocational guidelines compel a finding of disabled where a claimant is limited to sedentary work, closely approaching advanced age, has limited or less education, and has semi-skilled previous work experience that is not transferrable. 20 C.F.R. § Pt. 404, Subpt. P, App. 2., 201.19. Plaintiff was born August 10, 1967 and was 50 years old as of the amended alleged disability onset date. As such, she was closely approaching advanced age. Plaintiff has limited education and has past relevant work as a Tractor Trailer Operator, which is semi-skilled but is not transferrable. (Tr. 32). Thus, the guidelines would compel a finding of disabled if Plaintiff were limited to sedentary work.

Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

In Gavin v. Heckler, the 8th Circuit concluded an ALJ erred by considering medical findings from a prior adjudicative period where the findings were made final in a prior decision. 811 F.2d 1195, 1199–1200 (8th Cir.1987) (interpreting 42 U.S.C. § 405(h)). "For the ALJ to accord as much weight as he did to that evidence undermines the underlying policy of section 405(h) that the Secretary's decisions be final." Id. Ms. McCullick's opinions were previously considered, and given little weight, in a final decision. (Tr. 279). The ALJ need not consider them "as part of its review of another, subsequent decision by the Secretary." Id. at 1200.

### B.     Dr. Gwartney and Ms. Reno's Opinions

Plaintiff next claims the ALJ failed to properly evaluate the medical opinions of Ms. Reno and Dr. Gwartney. Dr. Gwartney, a state agency medical consultant, evaluated Plaintiff's disability claim. He determined a consultative exam was required because the medical and factual evidence before him was insufficient to support a decision on Plaintiff's claim. (Tr. 212). At Dr. Gwartney's request, Ms. Reno performed a consultative exam on Plaintiff. She found Plaintiff is "[p]ositive for right ankle and left shoulder swelling. Positive for right ankle, left shoulder, and hand pain." (Tr. 672). She also found Plaintiff has a normal gait and can "rise from a sitting position without assistance, stand on tiptoes, heels, and tandem walk without difficulty. The claimant ambulates without an assistive device…Claimant can squat 3/4 of the way down and back up while holding on to the exam table." (Tr. 673). Ultimately, Ms. Reno concluded that "[b]ased on today's examination and the objective evidence, I believe the claimant would have

difficulty standing or walking at work. The claimant does not require an assistive device for ambulation. The claimant should do fine at a desk job if there is minimal lifting above shoulder level, walking, or standing." (Tr. 674).

Dr. Gwartney considered Ms. Reno's examination in his opinion, noting based on the exam that Plaintiff "did not use an assistive device, had no difficulty getting on and off the exam table, no difficulty going from seated to standing position and no difficulty with gait." (Tr. 220). However, he found Ms. Reno's conclusion that Plaintiff would have difficulty standing or walking at work "does not appear fully supported by [her] overall normal findings." Id. As such, Dr. Gwartney opined that Plaintiff would be able to perform the full range of light work. (Tr. 225).

The ALJ found Ms. Reno's opinion was "partially persuasive because, while the medical record does show severe impairments that limit to light exertional work, this was a one-time exam, and the CE's opinion that the claimant would have 'difficulty' standing or walking at work is internally inconsistent with her own exam that shows the claimant could get on and off the exam table without difficulty, she was in no acute distress and had normal gait …." (Tr. 30). The ALJ also found the opinion was not consistent with Plaintiff's testimony about her regular activities. Id. The ALJ found Dr. Gwartney's findings to be partially persuasive because it was consistent with the evidence as a whole and supported by Ms. Reno's examination. (Tr. 28). However, the ALJ concluded that the evidence also supported additional limitations, which were added to the RFC. Id.

Plaintiff argues the ALJ erred in finding Ms. Reno's opinion was inconsistent, and as such did not properly weigh her opinion. The ALJ reasonably found Ms. Reno's opinion was only partially persuasive because her observations were inconsistent with her conclusion that

11

claimant would only be able to work a desk job, as well as inconsistent with Plaintiff's own testimony abreout her activities. A medical opinion is entitled to less weight where, as here, the opinion is inconsistent and contradicts the record as a whole. See Owen v. Astrue, 551 F.3d 792, 799 (8th Cir. 2008). The ALJ did not err in giving Ms. Reno's opinion partial weight.

Plaintiff next argues the ALJ erred in finding Dr. Gwartney's opinion was partially persuasive because Dr. Gwartney determined he could not render a decision without a consultative exam, but did not adopt Ms. Reno's conclusion that Plaintiff would be limited to a desk job. Plaintiff essentially claims that Dr. Gwartney was required to adopt all of Ms. Reno's findings or else request a second consultative exam. To the contrary, Dr. Gwartney was entitled to consider Ms. Reno's notes without adopting her conclusions. Dr. Gwartney found he was able to make a determination using the observation notes from Ms. Reno's consultative exam, along with the rest of the medical evidence before him. The ALJ did not err in considering his opinion as partially persuasive.

### C. Plaintiff's Use of a Cane

In her reply brief, Plaintiff for the first time argues that the ALJ's determination that Plaintiff had the RFC for light work is unsupported by the record because Plaintiff requires the use of a cane. The Court need not address this argument because Plaintiff improperly raised it only in her reply brief. See Bearden v. Lemon, 475 F.3d 926. 930 (8th Cir. 2007). However, the Court will briefly address Plaintiff's contention. The ALJ acknowledged Plaintiff had a cane with her during a consultative exam, and "did not use this to move around the room but did use it walking out and when attempting walking on toes and heels and also with tandem gait she used the cane for assistance." (Tr. 24). The ALJ also considered Plaintiff's description of her daily activities, including running errands and caring for her nine-year-old son, the medical opinions

of Dr. Gwartney and Ms. Reno, and several examinations that showed normal motor strength, normal joints, bones and muscles, normal movement of extremities, and normal gait and station. (Tr. 23-28). The Court cannot say the RFC is inconsistent with Plaintiff's use of the cane during her consultative exam. Moreover, "when evidence presented to the ALJ could support two inconsistent positions and the ALJ adopts one of those positions, we must affirm the ALJ's determination." Chaney, 812 F.3d at 677.

## IV.  Conclusion

The ALJ adequately considered all relevant medical evidence and opinions. For this reason, the Court finds the ALJ's decision is supported by substantial evidence on the record as whole, and, therefore, the Commissioner's decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **AFFIRMED**, and Plaintiff's Complaint is **DISMISSED** without prejudice.

A separate Judgment will accompany this Memorandum and Order.

Dated this 14th day of December, 2021.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE